IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGARET A. DOUGHERTY      *
                                      *
       v.                            *     Civil No. JFM-05-1844
                                      *
HOWARD COUNTY GOVERNMENT,      *
ET AL.                                 *
                                   *****

MEMORANDUM

Plaintiff, a former employee of the Howard County Police Department, has brought this action for discrimination under the Americans With Disabilities Act. She alleges that defendant limited the amount of time she could work overtime and subsequently discharged her because she was diagnosed with Multiple Sclerosis. Defendant has filed a motion to dismiss or for summary judgment. The motion will be granted.

The reasons for my ruling may be briefly stated.[1]

First, although plaintiff has been diagnosed with Multiple Sclerosis, a serious condition with potentially serious effects, she has presented no evidence that she presently is substantially limited in performing a major life activity, as is required to establish a disability within the meaning of the ADA. 42 U.S.C. § 12102(2).

Second, the record establishes that defendant made its decision to limit the amount of overtime work plaintiff could perform before plaintiff was diagnosed with MS and notified defendant of the diagnosis.

Third, assuming that plaintiff has made out a *prima facie* case, she has produced no

---

[1] In deciding defendant's motion, I assume, as does defendant in its reply memorandum, that plaintiff received her right-to-sue letter on April 13, 2005, and that this suit was therefore timely filed.

evidence to show that defendant's articulated reasons for it decisions were pretextual.[2]  To the contrary, the record establishes that defendant's decisions were completely justified.  The decision to limit plaintiff's overtime was based upon a fully-supported finding that plaintiff had manipulated her leave in order to accrue substantial amounts of overtime and compensatory time.  The subsequent decision to terminate plaintiff's employment was based upon uncontradicted evidence that plaintiff stole personnel records belonging to a co-employee, took them home, and subsequently, when it was discovered that the records were missing, lied to her supervisors when asked whether she had seen them.[3]

A separate order granting defendant's motion and entering judgment on its behalf is being entered herewith.


Date: September 27, 2005         /s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[2] Although discovery has not yet been taken in this action, a full evidentiary record was established during an administrative hearing.

[3] These actions occurred after an incident occurring several years before in which plaintiff had been demoted as an alternative to discharge for lying during a personnel investigation.  She was then expressly warned that any additional disciplinary action could result in her dismissal.

2