# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 21, 2005

Memo To Counsel Re: Margaret A. Dougherty v. Howard County Government, et al.
Civil No. JFM-05-1844

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion for attorneys' fees and expenses. The motion is granted to the extent it seeks fees and expenses against plaintiff under 42 U.S.C. §12205. It is denied to the extent that it seeks fees and expenses against plaintiff's attorney under 28 U.S.C. §1927.

Fees may be awarded to a prevailing defendant under a fee-shifting statute where "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Here, plaintiff's claim that defendant discriminated against her because of a disability when denying her the opportunity to work overtime was clearly frivolous in light of the fact that the decision was made before defendant became aware of plaintiff's alleged disability. Under similar circumstances the Seventh Circuit has held that fees should be awarded against the plaintiff. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306 (7th Cir. 1998).

Likewise, plaintiff's claim that she was discharged because of her disability was clearly frivolous in light of the fact that the discharge decision was based upon her egregious conduct in stealing the personnel records of a co-employee and then lying about her actions. To the extent that plaintiff now contends that she never asserted a claim under the ADA for discharge, her contention is undermined by the allegations made in paragraph 6, 14, 20, 23, and 25 of her complaint and her prayer for relief that included a demand that defendant "return Plaintiff immediately to the position she would have held . . . had it not been for . . . [its] discriminatory acts."

Plaintiff argues that fees and costs should not be awarded against her because defendant had advised her that it would waive its right to seek fees and expenses in the event that plaintiff did not pursue a related grievance proceeding. That fact is immaterial. Plaintiff apparently has proceeded with the grievance proceeding, and defendant is merely asserting its valid rights in now seeking fees and costs in this action.

Defendant seeks recovery against plaintiff's attorney under 28 U.S.C. §1927 only for fees and expenses incurred after the complaint was filed and after defendant pointed out to plaintiff's attorney the frivolous nature of the claims. Although defendant's request for the imposition of

fees and costs under §1927 is not unreasonable, I will deny the request in light of the
extraordinary nature of the relief provided by §1927.

      Finally, I will base my award of fees on an hourly rate of $200 rather than an hourly rate
of $275 requested by defendant.  I am doing so not because of any adverse evaluation of the
qualifications of Mr. Basehoar or the quality of his performance in this litigation but upon the
fact that the guidelines regarding hourly rates set forth in the Appendix to our Local Rules take
into account the fact that plaintiffs' attorneys frequently assume the risk in civil rights litigation
that they will not be paid at all if their clients do not prevail.  Mr. Basehoar, of course, was
receiving his salary regardless of the outcome of this litigation.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed
as an order.

Very truly yours,


/s/


J. Frederick Motz
United States District Judge